# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DARRELL SMITH,**
                    **Plaintiff,**

**-vs-**                                         **Case No. 6:08-cv-1044-Orl-19DAB**

**SOLAN TRUCKING & EXCAVATING,**
**INC., NEVILLE SOLAN,**
                    **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument[1] on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 31)**
>
> **FILED:**      **November 20, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This is an action for unpaid overtime compensation, pursuant to the Fair Labor Standards Act. As set forth in the papers, Plaintiff Smith's overtime claim consisted of $2,835.60 and a like amount of liquidated damages, plus attorney's fees; and Opt-in Plaintiff Barnett's claim was estimated at $1,334.40, plus liquidated damages and fees. Defendant disputed entitlement, and asserted that exemptions applied, and the parties settled as follows: Plaintiff Smith will receive $3,070.50 and

---

[1] As the papers set forth all essential terms, no fairness hearing was necessary.

Plaintiff Barnett will receive $429.50, with Plaintiffs' counsel receiving $2,500.00 in attorney's fees and $1,000.00 in costs. The Court finds these amounts to be reasonable.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

The Court finds the settlement, in view of the amount of the claim and the asserted defenses, to be appropriate in this case. The parties agree that the settlement is a fair and reasonable

compromise of disputed issues, and the Court concurs. It is therefore **respectfully recommended** that the settlement be **approved** and the action be dismissed, as requested.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 3, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy